IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WELDON LACKEY,

      Plaintiff,

v.                                                             Civ.  No.  07-842 JH/RLP

UNITED STATES DEPARTMENT OF
AGRICULTURE and MIKE JOHANNS,
in his official capacity as Secretary of the
United States Department of Agriculture,

      Defendants.

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>[1]

1.     THIS MATTER comes before the Court as an appeal from a decision
rendered by the United States Department of Agriculture (USDA) and is thus governed by
the Administrative Procedure Act (APA), 5 U.S.C. § 706(2)(A).  For the reasons set forth
below, I recommend that the decision of the USDA be affirmed.

2.     Prior to 1938, crop insurance was virtually unavailable because insurance
companies determined that multiple peril crop insurance posed too great a financial risk.
To remedy the problem, Congress passed the Federal Crop Insurance Act in which it
created the Federal Crop Insurance Corporation (FCIC) to "promote the national welfare
by improving the economic stability of agriculture through a sound system of crop
insurance."  7 U.S.C. § 1502.  The FCIC provides insurance to farmers by (1) selling

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's
Report and Recommendation that party may, pursuant to 28 U.S.C. § 636 (b)(1) , file
written objections in the United States District Court to the Report and Recommendation.
A party must file any objections within the ten-day period allowed if that party wants to have
appellate review of the Report and Recommendation.  If no objections are filed, no
appellate review will be allowed.

insurance through private insurance agents; (2) reinsures private insurance companies who provide crop insurance; or (3) directly provides crop insurance to farmers.  7 U.S.C. §§ 1507 & 1508.  *See generally Owen v. Crop Hail Management*, 841 F. Supp.  297, 300-301 (W.D. Mo.  1994).

3. Because the issue in this appeal only concerns construction of an FCIC regulation, the Court only provides facts relevant to that matter.  In this case, Plaintiff insured his cotton crop with a private insurance company and that company was reinsured by the FCIC.  A dispute arose as to whether the crop had suffered a loss from disease.  On July 10, 2005 Plaintiff sent a written request to the USDA's Risk Management Agency ("RMA").  He requested a Final Agency Decision seeking interpretation of certain FCIC policies and procedures.

4. On September 30, 2005, in response to Plaintiff's request, the RMA wrote a letter to Plaintiff in which it stated that this appeared to be a dispute between Plaintiff and the private insurer and that RMA would not get involved.  Administrative Record 000006-07.

5. On October 17, 2005 the RMA again declined to address the issue, stating that Plaintiff's July 10, 2005 letter did not constitute a request for a Final Agency Decision.  *Id*.  at 000004-05.

6. Plaintiff appealed to the United States Department of Agriculture's National Appeals Division ("NAD") pursuant to 7 U.S.C. § 6992(d), 7 C.F.R. § 457.8(20)(a)(1)(iv), and 7 C.F.R. § 11.1.

7. A hearing was held on April 19, 2006.  The hearing director first determined that the RMA had incorrectly characterized Plaintiff's request for a Final Agency Decision as a dispute between Plaintiff and his insurance company.  Because  the July 10, 2005

letter was a proper request for a Final Agency Decision, the RMA should have issued a Final Agency Decision. *See* Administrative Record, 000064. The hearing officer then stated that C.F.R. § 400.768(c) gives the requester (Plaintiff) 90 days to amend his request to meet the RMA objections. *Id.* at 000065. The hearing officer did not rule on the substantive, underlying issue, *i.e.*, whether the crop was insured, finding that interpretation was the duty of the RMA and not an NAD hearing officer. *Id.*

8.     Having received this decision, Plaintiff sought a modification: He argued that the hearing officer had incorrectly construed C.F.R. § 400.768(c) and sought relief. On September 28, 2006 the NAD Director issued a Final Agency Determination adverse to Plaintiff. Administrative Record, 000162-163. The ruling indicated that the Agency's responses to Plaintiff on September 30 and October 17, 2005 complied with the regulation at issue and that Plaintiff was not entitled to relief. It is from this decision that Plaintiff appeals.

9.     The regulation at issue, 7 C.F.R. § 400.768 provides in pertinent part:

> (a)     FCIC will not interpret any specific factual situation or case, such as actions of any participant under the terms of a policy . . . .
>
> (b)     If, in the sole judgment of the FCIC, the request is unclear, ambiguous, or incomplete, FCIC will not provide an interpretation, but will notify the requester that the request is unclear, ambiguous, or incomplete, within 30 days of such request.
>
> (c)     FCIC will provide a final determination of the interpretation to a request that meets all the conditions stated herein to the requester in writing, and at FCIC's discretion in the format in which it was received within 90 days of the date of receipt by FCIC.

> (d)    If a requestor is notified that a request is unclear, ambiguous or incomplete under section 400.768(b), the time to respond will be tolled from the date FCIC notifies the requestor until the date that FCIC receives a clear, complete, and unambiguous request.
>
> (e)    If a response is not provided within 90 days, the requester may assume the interpretation provided is correct for the applicable crop year.

10.    The Government argues that the foregoing regulation only requires the FCIC to "respond" to a requestor within the 90-day limit, which it did on September 30, 2005, and that  an agency's interpretation of its own regulation is entitled to great deference and cannot be overturned absent the Court's finding that the agency interpretation or ruling is arbitrary and capricious.  *See* United States Response Brief [Doc.  33] at 5-10.

11.    "[P]rovided an agency's interpretation of its own regulations does not violate the Constitution or a federal statute, it must be given controlling weight unless it is plainly erroneous or inconsistent with the regulation." *Mission Group Kansas, Inc.  v.  Riley*, 146 F.3d 775, 780 (10th Cir.  1998) (internal quotation marks & citations omitted).   And, "when the statute's language is plain, the sole function of the courts--at least where the disposition required by the text is not absurd--is to enforce it according to its terms."  *Lamie v.  United States Trustee*, 540 U.S. 526, 534 (2004).

12.    The parties have not provided the Court with any case law interpreting the regulation at issue, nor has the Court located any such cases.  Although 7 C.F.R. § 400.768(c) clearly mandates that the FCIC to provide a final determination within 90 days, subparagraph (e) provides that if a "response" is not received within 90 days, a requestor may assume his interpretation is correct.

13.     If the Court were to follow Plaintiff's reasoning that subparagraph (c) in all instances requires a Final Agency Decision within 90 days, then the FCIC would lose every time it issued a "response" to a request for a Final Agency Decision.  Such a result is clearly at odds with subparagraph (e).  A court owes deference to an agency's interpretation of its own regulation when "the language of the regulation is ambiguous." *Christensen v. Harris County*, 529 U.S. 576, 588 (2000).  The use of the word "response" in subparagraph (e), may be susceptible to some ambiguity, but the Court finds it is broad enough to encompass all communications from the FCIC to requesters, including Final Agency Decisions.

14.     Therefore, the September 30, 2005 response to Plaintiff constitutes agency action within the required 90-day time limit.

<u>RECOMMENDED DISPOSITION</u>

I recommend that the decision of the United States Department of Agriculture be affirmed.

Richard L. Puglisi
United States Magistrate Judge

5